FILED

2024 Feb-29  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| **SHELIA HEMPHILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:21-cv-1286-LCB** |
| | ) | |
| **QCHC OF ALABAMA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION & ORDER

This case involves the death of the Plaintiff's decedent while in the custody of the Morgan County Sheriff's Office.  In his order dismissing two of the Defendants, Judge Abdul Kallon, who was previously assigned to this case[1], gave an account of the alleged facts.  (Doc. 1 at 2).  Accordingly, this Court need not give a detailed recitation.  It is sufficient to note that the Plaintiff alleged that her daughter was incarcerated in the Morgan County jail on September 27, 2019, when she became unresponsive.  (Doc. 1 at 4).  In the early morning hours of September 28, 2019, she was taken to a local hospital where she died the same day.  An autopsy showed that the decedent died from sepsis associated with aspiration pneumonia.  *Id*. at 5.

---

[1] This case was reassigned to the undersigned on September 8, 2022.  (Doc. 35).

The Plaintiff, Sheila Hemphill, brought several claims stemming from her daughter's death. The complaint identified three defendants: Morgan County, Alabama, its sheriff, Ron Puckett, and QCHC of Alabama, Inc., a corporation who contracted "with Morgan County to provide health care services to inmates and detainees incarcerated in the Morgan County Jail." (Doc. 1 at 2). Before the case was reassigned to the undersigned, Judge Kallon granted Morgan County's and Sheriff Puckett's motions to dismiss on various grounds. *See* (Docs. 25 & 26). Judge Kallon held that the only remaining claims were the Plaintiff's negligence and wrongful death claims against QCHC. According to the Plaintiff, QCHC "refused to see [the decedent], or to provide her with a diagnosis or treatment," thereby denying her medical care for a serious condition and ultimately caused her death. (Doc. 1 at 6-7). Judge Kallon correctly held that those claims are state law claims governed by the Alabama Medical Liability Act, codified at § 6-5-551, Alabama Code 1975. (Doc. 25 at 12). Neither party disputes this.

Before the Court is QCHC's motion for summary judgment. (Doc. 43). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." A district court must consider "all the evidence in the light most favorable to the non-moving party … and resolve all reasonable doubts in favor of the non-moving party."

*Earley v. Champion International Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990)

(citations omitted).   Because this action arises under state law, i.e., AMLA,

Alabama substantive law applies.   *Cook v. Corizon*, LLC, 532 F.Supp.3d 1215

(M.D. Ala. 2020).

In its motion, QCHC correctly notes Alabama's law regarding claims such

as the Plaintiff's:

> In any action for injury or damages or wrongful death, whether in
> contract or in tort, against a healthcare provider for breach of standard
> of care, the Plaintiff shall have the burden of proving by substantial
> evidence that the healthcare provider failed to exercise such
> reasonable care, skill, and diligence as the other similarly situated
> healthcare provider in the same general line of practice, ordinarily
> have and exercise in a like case.

Alabama Code § 6-5-548(a).   Further,

> In performing professional services for a patient, a physician's,
> surgeon's, or dentist's duty to the patient shall be to exercise such
> reasonable care, diligence, and skill as physicians, surgeons, and
> dentists in the same general neighborhood, and in the same general
> line of practice, ordinarily have and exercise in a like case. In the case
> of a hospital rendering services to a patient, the hospital must use that
> degree of care, skill, and diligence used by hospitals generally in the
> community.

Alabama Code § 6-5-484(a).   The Alabama Supreme Court has held:

> To maintain a medical-malpractice action, the plaintiff ordinarily must
> present expert testimony from a "similarly situated health-care
> provider" as to (1) "the appropriate standard of care," (2) a "deviation
> from that standard [of care]," and (3) "a proximate causal connection
> between the [defendant's] act or omission constituting the breach and
> the injury sustained by the plaintiff." *Pruitt v. Zeiger*, 590 So. 2d 236,
> 238 (Ala.1991) (quoting *Bradford v. McGee*, 534 So. 2d 1076, 1079

3

(Ala.1988)). The reason for the rule that proximate causation must be established through expert testimony is that the issue of causation in a medical-malpractice case is ordinarily "beyond 'the ken of the average layman.'" *Golden v. Stein*, 670 So. 2d 904, 907 (Ala. 1995), quoting Charles W. Gamble, McElroy's Alabama Evidence, § 127.01(5)(c), p. 333 (4th ed.1991). The plaintiff must prove through expert testimony "that the alleged negligence 'probably caused the injury.'" *McAfee v. Baptist Med. Ctr.*, 641 So. 2d 265, 267 (Ala.1994)."

*Brookwood Health Servs.*, 207 So. 3d 1, 7 (Ala. 2015), quoting *Lyons v. Walker Reg'l Med. Ctr.*, 791 So. 2d 937, 942 (Ala.2000).

In its motion for summary judgment, QCHC correctly notes that the Plaintiff has failed to disclose a medical expert who could establish the relevant standard of care and render an opinion regarding whether that standard was breached and, if so, whether it caused the injury.  A review of the record reveals that, pursuant to an order entered on June 16, 2023, modifying the scheduling order, the Plaintiff was required to disclose her experts by August 1, 2023.  (Doc. 42).  However, the Plaintiff never did so.

On August 25, 2023, QCHC filed the present motion for summary judgment and noted this deficiency.  Despite the notice that motion provided, the Plaintiff still never disclosed an expert, nor did she move to extend the deadline.  Pursuant to this Court's initial order, the response to the motion for summary judgment was due 21 days after QCHC filed its motion.  However, the Plaintiff did not file a response.  Accordingly, QCHC supplemented its motion for summary judgment on

September 22, 2023, to add the Plaintiff's failure to respond as an additional ground for granting its motion.  Pursuant to QCHC's motions, the Court stayed its remaining discovery deadlines pending resolution of this motion.  (Docs. 44 & 47).

Given the lack of expert testimony, QCHC is correct in its assertion that both counts against it are due to be dismissed because the Plaintiff has failed to demonstrate any genuine dispute of material fact as to the relevant elements of the cause of action.  To be sure, there are exceptions to the requirement that these elements be supported by expert testimony.  The Alabama Supreme Court has held:

> "However, '[a]n exception to this rule [requiring expert testimony] exists "in a case where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it."' *[Tuscaloosa Orthopedic Appliance Co. v.] Wyatt*, 460 So. 2d [156,] 161 [(Ala.1984) ] (quoting *Dimoff v. Maitre*, 432 So. 2d 1225, 1226–27 (Ala.1983)).  This Court has recognized the following situations as falling within this exception:
>
> > ""'1) where a foreign instrumentality is found in the plaintiff's body following surgery; 2) where the injury complained of is in no way connected to the condition for which the plaintiff sought treatment; 3) where the plaintiff employs a recognized standard or authoritative medical text or treatise to prove what is or is not proper practice; and 4) where the plaintiff is himself or herself a medical expert qualified to evaluate the doctor's allegedly negligent conduct."'"

*Brookwood Health Servs.*, 207 So. 3d at 7, quoting *Cobb v. Fisher*, 20 So.3d 1253, 1257–58 (Ala. 2009) (citations omitted in *Cobb*).

Given the above-noted deficiencies, the Court conducted a status conference on February 16, 2024. At the status conference, Plaintiff's counsel explained that he was unable to find any evidence that defendant QCHC ever saw or treated the decedent for any condition that would be relevant to this case. Accordingly, Plaintiff's counsel candidly agreed that summary judgment would be proper. The Court agrees.

As noted above, to succeed on her cause of action against QCHC, the Plaintiff must ultimately prove a standard of care, a breach of that standard, and causation. *Brookwood Health Servs.*, 207 So. 3d 1, 7. Without expert testimony or any evidence suggesting that an exception to that rule applies in her case, the Plaintiff has not carried her burden at summary judgment to demonstrate a genuine dispute of material fact as to her claims against QCHC. Accordingly, QCHC's motion for summary judgment (Doc. 43) is **GRANTED**. A separate final judgment will be entered.

**DONE** and **ORDERED** February 29, 2024.

 

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE